IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH EBER GEAN, a.k.a. Ruth Eber Gene, and RUTH FAMILY,<br><br>                Plaintiffs,<br>   v.<br><br>ESTATE OF WILLIAM HYDE WOLLASTON, et al.,<br><br>                Defendants. | 1:12-cv-1190  AWI SMS<br><br>ORDER DISMISSING CASE<br><br>(Doc. No. 9) |

      Plaintiff filed this action on July 19, 2012.  On July 24, 2012, the Magistrate Judge denied Plaintiff in forma pauperis ("IFP") status and ordered Plaintiff to pay the filing fee in full by August 30, 2012.  See Doc. No. 2.  In that order, Plaintiff was warned: "If the filing fee has not been paid in full on or before August 30, 2012, the Court will dismiss Plaintiff's case, without prejudice, for failure to prosecute."  Id.

      On October 16, 2012, the Ninth Circuit denied Plaintiff's request to proceed IFP. See Doc. No. 7.  Further, a review of the Ninth Circuit docket shows that Plaintiff's appeal was dismissed on November 14, 2012.  See Ninth Circuit Docket Doc. No. 6 in Case No. 12-16875.

      On September 6, 2013, the Court issued a minute order that directed Plaintiff to show cause by September 23, 2013, why this case should not be dismissed for lack of prosecution.

      On September 18, 2013, Plaintiff filed a request for additional time and what appears to be an opposition to dismissal, as a copy of the minute order is attached.  See Doc. No. 9. However, a review of Plaintiff's filing shows that it is a request for a court appointed attorney and investigator.  See id.  Plaintiff's filing is not responsive to the Court's minute order, nor does the filing address Plaintiff's failure to pay filing fees.

In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).  After considering the relevant factors, the Court has determined that it is appropriate to dismiss this case.  The public's interest favors quick resolution of disputes.  This Court has one of the most congested dockets in the entire country and cannot maintain cases in which no activity occurs or necessary filing fees have not been paid.  The listed defendants in this case are all estates, and this case has been pending for more than a years.  There is therefore a risk of prejudice to defendants.  Given the nature of Plaintiff's filing and the failure to pay required filing fees, the Court is unaware of any less drastic measures.  Although Plaintiff requests more time, there is not an adequate explanation of why nothing has happened in this case since November 2012, nor is there any reason to think that more time would be helpful.  Finally, although there is generally an interest in resolving claims on the merits, the claims raised in Plaintiff's complaint are difficult to discern and appear to be frivolous.  Given the above, the Court sees no utility in maintaining this case any further.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for additional time, appointment of counsel, and an investigator is DENIED;
2. Plaintiff's complaint is DISMISSED without leave to amend; and
3. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   September 20, 2013

_____
SENIOR  DISTRICT  JUDGE